**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER F.,

                Plaintiff,

   v.                                                                                       5:21-CV-461
                                                                     (LEK/DJS)

KILOLO KIJAKAZI, *Acting Commissioner of*
*Social Security*,[1]

                Defendant.
_____

**APPEARANCES:**                                                    **OF COUNSEL:**

OLINSKY LAW GROUP                                       HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                     JESSICA RICHARDS, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

## **REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 18 & 20. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be granted and the matter be remanded for further proceedings.

### I. RELEVANT BACKGROUND.

### A. Procedural History

Plaintiff was born in 1977. Dkt. No. 11, Admin. Tr. ("Tr."), p. 80. The record demonstrates that Plaintiff obtained his GED. Tr. at p. 106. Plaintiff has past relevant work in the construction industry and as a truck driver helper. Tr. at p. 106; *see also* Tr. at p. 22. Plaintiff applied for disability and disability insurance benefits and supplemental security income in January 2018. *See* Tr. at pp. 13 & 108-109. Plaintiff alleges disability based upon seizures and epilepsy. Tr. at p. 81. He alleged a disability onset date of June 27, 2015. Tr. at p. 80. Plaintiff's applications were initially denied on June 20, 2018 after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 108-109 & 167-68. Plaintiff appeared at a hearing before ALJ Christine Cutter on February 13, 2020, at which Plaintiff, a witness on his behalf,

---

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

and a vocational expert ("VE") testified. Tr. at pp. 33-79. On March 31, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-24. On February 19, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015. Tr. at p. 13. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairment: epilepsy. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 16. The ALJ then found that Plaintiff has the residual functional capacity to perform work at all exertional levels, subject to numerous nonexertional limitations. *Id.* Next, the ALJ found that Plaintiff was able to perform his past relevant work as a truck driver helper. Tr. at pp. 22-23. The ALJ also found that there was other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 23-24. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 24.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

3

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises a single issue for the Court's consideration in this action – the ALJ's alleged failure to properly evaluate the opinion of Dr. Karen Laxton. Dkt. No. 18, Pl.'s Mem. of Law at pp. 6-13. Plaintiff asserts several distinct errors on the part of the ALJ in that regard. *Id.* Having considered the arguments of the parties and the record, the Court recommends that the matter be remanded for reconsideration of Dr. Laxton's opinion.

The ALJ discounted Dr. Laxton's opinion, at least to some degree, based on her view that the opinion was motivated out of sympathy for, or the desire to avoid conflict with, Plaintiff. Tr. at p. 21. The ALJ relied on Dr. Laxton's treatment notes in finding that Plaintiff and his companion

> appeared quite insistent and demanding of supportive evidence, which might suggest that Dr. Laxton provided the statement in order to satisfy their

request or avoid unnecessary conflict. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as appears evident in the current case.

*Id.*

The ALJ's conclusions about the possible motivation of Dr. Laxton appear, admittedly, to be speculative. The ALJ conceded that it is difficult to confirm such a motive, but clearly concludes that one was present here. "Mere speculation of impropriety is not an adequate justification for discounting a treating physician's opinion." *Rivera v. Berryhill*, 2019 WL 692162, at *12 (S.D.N.Y. Jan. 28, 2019) (citing cases); *see also Laura B.-F. v. Comm'r of Soc. Sec.*, 2018 WL 9651144, at *7 (D. Vt. June 20, 2018). Dr. Laxton's mere acknowledgement of Plaintiff's frustrations with the disability process without more does not establish that Dr. Laxton skewed or otherwise manipulated her opinion to suit Plaintiff. W*ade v. Colvin*, 2016 WL 1170917, at *8 (D. Ct. Mar. 24, 2016). The ALJ cites to no evidence in the record that supports her speculation. Absent that, this basis for discounting the Laxton opinion was not supported by substantial evidence. *Id.*

To the extent the ALJ purports to support her view by noting that the evidence in the record is not consistent with Dr. Laxton's opinion, she appears to have misstated the only specific medical evidence she relied upon. Dr. Laxton's opinion noted that Plaintiff was compliant with his medication, Tr. at p. 1131, but the ALJ stated that this "clearly was inconsistent with the evidence." Tr. at p. 21. The ALJ erred in this regard. Dr.

6

Laxton's treatment notes repeatedly stated that Plaintiff was compliant with taking his medication. *See*, *e.g.*, Tr. at pp. 1153, 1156, 1267, 1270, & 1277. While other providers noted a lack of compliance, Dr. Laxton repeatedly noted the opposite, before and after the date of her medical source statement. The ALJ's opinion thus appears to have been based on an inaccurate reading of Dr. Laxton's records.[3] "Courts in this Circuit have found reversible error where an ALJ arrives at an RFC assessment in reliance on a mischaracterization or misstatement of the record." *Trumpower v. Colvin*, 2015 WL 162991, at *15 (W.D.N.Y. Jan. 13, 2015); *see also King v. Colvin*, 2016 WL 1398987, at *4 (W.D.N.Y. Apr. 11, 2016) ("Where an ALJ mischaracterizes the evidence . . . a remand is necessary."). Given that this is the only specific reference to Plaintiff's treatment by Dr. Laxton, the Court cannot conclude that the ALJ's error in this regard is harmless.

This highlights an additional basis for remand. Dr. Laxton was a treating provider for Plaintiff. "Under the new regulations, the treating physician rule no longer applies." *Smith v. Comm'r of Soc. Sec.*, 2022 WL 421136, at *10 (S.D.N.Y. Feb. 11, 2022). As such, no special deference needed to be given to Dr. Laxton's opinion. *Id.* (citing, *inter alia*, 20 C.F.R. § 416.920c(a)); Tr. at p. 21. The regulations, however, continue to require Defendant to consider many of the same factors previously addressed under the treating physician rule including the supportability and consistency of an

---

[3] Significantly, the state agency review also found that Plaintiff was "compliant with taking medication." Tr. at p. 105.

7

opinion with other evidence, the relationship of the medical provider with the patient, and the extent, if any, of a doctor's specialization. *Compare* 20 C.F.R. § 416.920c(a) & (c) *with Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (outlining factors relevant under treating physician rule). Under the new regulations supportability and consistency are "[t]he most important factors." 20 C.F.R. § 416.920c(a).

"In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). "Although under the new regulations the ALJ is not required to give specific evidentiary weight to a particular medical opinion, he is still required to articulate how he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *5 (W.D.N.Y. Jan. 18, 2022). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)). Indeed, "[c]ourts in this Circuit have remanded when the ALJ failed to address either supportability or consistency." *William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022).

The ALJ's consideration of Dr. Laxton's opinion does not satisfy these requirements. Though not specifically identifying what weight if any, she gave to the Laxton opinion, it is clear the ALJ did not find it very persuasive. The decision,

however, fails to adequately explain why. "The supportability factor measures whether the medical opinion is supported by objective medical evidence and accompanying explanations." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021). The ALJ noted that she found Dr. Saxton's statement that Plaintiff was compliant with his medication regime inconsistent with the evidence, but as pointed out above, that was erroneous, at least with respect to Dr. Laxton's treatment. Tr. at pp. 1153, 1156, 1267, 1270, & 1277; *see also* Tr. at p. 105 (State agency review noting Plaintiff was "compliant with taking medication."). The ALJ also concluded that "Dr. Laxton's conclusions were poorly supported in the records." Tr. at p. 22. Beyond the medication compliance issue, the ALJ identifies no other conclusion that lacks support in the record and so this statement is offered without explanation.

"Consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Rua-Campusano v. Kijakazi*, 2021 WL 7287628, at *10 (S.D.N.Y. Dec. 10, 2021), *report and recommendation adopted*, 2022 WL 493390 (S.D.N.Y. Feb. 17, 2022) (internal quotation omitted). Here, the ALJ's consistency analysis appears to relate largely to the medication compliance issue since she states that "providers noted an ongoing problem with compliance." Tr. at p. 22. There is certainly evidence in the record that Plaintiff had been non-compliant regarding medication in the past. *See* Tr. at p. 19 (citing medical reports). Here, however, the Court is not in a position to address whether the ALJ properly evaluated the consistency of Dr. Laxton's opinion with that evidence since

9

the ALJ did not properly evaluate the record regarding Dr. Laxton's reports of medication compliance.

For these reasons, the Court concludes that the ALJ's evaluation of Dr. Laxton's opinion is not supported by substantial evidence and that remand is warranted.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED** pursuant to sentence four of section 405 for further proceedings; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 30, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge