UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER ALLEN FRY,

                              Plaintiff,

        -against-                                           5:21-CV-00461(LEK-DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

Plaintiff Christopher Allen Fry commenced this action on April 23, 2021, seeking review

of the decision of the Commissioner of Social Security ("Commissioner") denying his

application for Social Security Disability Insurance benefits ("DIB") for lack of disability. Dkt.

No. 1 ("Complaint") at 1. Plaintiff moved for judgment on the pleadings, Dkt. No. 18 ("Pl.'s

Br."), and soon thereafter, Defendant did as well, Dkt. No. 20 ("Def.'s Br."). On June 30, 2022,

the Honorable Daniel J. Stewart, United States Magistrate Judge, recommended that this Court

grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on

the pleadings, and remand Defendant's decision denying Plaintiff's disability benefits. Dkt. No.

21 ("Report-Recommendation") at 24. Defendant objected to the Report-Recommendation, Dkt.

No. 22 ("Defendant's Objection"), and Plaintiff responded, Dkt. No. 23 ("Plaintiff's Response").

For the reasons set forth below, the Court adopts Judge Stewart's Report-Recommendation in its

entirety.

## I.      BACKGROUND

On January 18, 2018, Plaintiff filed an application for a period of disability, disability

benefits ("DIB"), and supplemental security income. Administrative Transcript ("Tr.") at 12,

108–109. He alleged that he became disabled on June 27, 2015. Id. at 80. Plaintiff's applications

were initially denied on June 20, 2018, after which he timely requested a hearing before an

Administrative Law Judge ("ALJ"). Id. at 108–109, 167–168. Plaintiff appeared at a hearing

before ALJ Christine Cutter ("ALJ Cutter") on February 13, 2020, at which Plaintiff, a witness

on his behalf, and a vocational expert ("VE") testified. Id. at 33–79. In a decision dated March

31, 2020, the ALJ determined that Plaintiff was not disabled under the Social Security Act. Id. at

10–24. On February 19, 2021, the Social Security Disability Appeals Council ("Appeals

Council") denied Plaintiff's request for review, making the ALJ's decision the final decision of

the Commissioner. Tr. at 1–5.

### A.  ALJ Cutter's Decision

In her decision denying Plaintiff's application, ALJ Cutter applied the standard five-step

analysis for evaluating disability claims under the Social Security Act. Tr. at 11 ("Under the

authority of the Social Security Act, the Social Security Administration has established a five-

step sequential evaluation process for determining whether an individual is disabled[.]" (citing

20 C.F.R §§ 404.1520(a) and 416.920(a))). At step one of the evaluation, ALJ Cutter found

Plaintiff met the insured status requirements of the Social Security Act through September 30,

2015. Tr. at 15. Next, ALJ Cutter found that Plaintiff had not engaged in substantial gainful

activity since his alleged onset date. Id. Then, ALJ Cutter found that Plaintiff had the following

severe impairment: epilepsy. Id. Afterward, ALJ Cutter found that Plaintiff does not have an

impairment or combination of impairments that meets or medically equals one of the listed

impairments in 20 C.F.R. § 404, Subpart P, App.1 (the "Listings"). Tr. at 16. Next, ALJ Cutter

found that Plaintiff has the residual functional capacity to perform work at all exertional levels,

subject to several non-exertional limitations. Id. ALJ Cutter then found that Plaintiff was able to

perform his past work as a truck driver helper. Id. at 22–23. Finally, ALJ Cutter determined that

2

there was other work existing in significant numbers in the national economy that Plaintiff could

perform. Id. at 23–24. ALJ Cutter thus concluded that Plaintiff is not disabled. Id. at 24.

### B.  The Present Action

On April 23, 2021, Plaintiff commenced suit in this Court to challenge ALJ's Cutter

determinations. After the Court received the administrative record in full, Dkt. No. 11, Plaintiff

filed a motion for judgment on the pleadings in support of his position that ALJ Cutter's decision

was not supported by substantial evidence. Dkt. No. 18. Plaintiff specifically raised one major

argument: ALJ Cutter failed to properly evaluate and consider the opinion of Dr. Karen Laxton.

Id. at 6-13. Plaintiff argued that this omission tainted ALJ Cutter's analysis with respect to her

residual functional capacity analysis of Plaintiff. Id. at 1, 6, 9 12–13. Defendant, in response,

filed a motion for judgment on the pleadings, and argued that ALJ Cutter's evaluation of Dr.

Laxton's opinion was supported by substantial evidence, and that the Complaint should be

dismissed. Dkt. No. 20 ("Defendant's Brief") at 8–17.

### C.  The Report-Recommendation

After considering the parties' briefing, Judge Stewart recommended that Plaintiff's

motion for judgment on the pleadings be granted, and the matter be remanded for further

proceedings. R. & R. at 5. Judge Stewart began his analysis by noting that ALJ Cutter discounted

Dr. Laxton's opinion[1] because ALJ Cutter presumed that Dr. Laxton's opinion was not based on

objective evidence. Id. Instead, the ALJ presumed that Dr. Laxton's opinion was a product of

sympathy for Plaintiff and a desire to avoid conflict with him. Id. Judge Stewart, however,

determined that, "The ALJ's conclusions about the possible motivation of Dr. Laxton, appear,

admittedly, to be speculative. The ALJ conceded that it is difficult to confirm such a motive, but

---

[1] Dr. Laxton's opinion stated that Plaintiff was in compliance with his medication regime; the opinion also detailed Plaintiff's functional limitations. See Tr. at 1130–32.

clearly concludes that one was present here." <u>Id.</u> at 6. As a result, Judge Stewart observed that,

"The ALJ cites to no evidence in the record that supports her speculation." <u>Id.</u> He thus concluded

that this "basis for discounting the Laxton opinion was not supported by substantial evidence."

<u>Id.</u>

Judge Stewart then turned to ALJ Cutter's conclusion that the evidence in the record is

inconsistent with Dr. Laxton's opinion. After going through ALJ Cutter's analysis, Judge

Stewart found that ALJ Cutter misstated the only specific medical evidence she relied upon—Dr.

Laxton's treatment notes. <u>Id.</u> at 6–7. Judge Stewart then observed that ALJ Cutter wrongly

discounted Dr. Laxton's opinion because ALJ Cutter misread Dr. Laxton's treatment notes;

because ALJ Cutter misread Dr. Laxton's treatment notes, ALJ Cutter used the notes as evidence

that Dr. Laxton's opinion was unpersuasive. <u>See id.</u> Judge Stewart then stated that ALJ Cutter

erred by concluding that Dr. Laxton's opinion—which noted that Plaintiff was compliant with

his medication—was "clearly inconsistent with the evidence." <u>Id.</u> at 6. Indeed, Judge Stewart

stated that Dr. Laxton's treatment notes "repeatedly stated that Plaintiff was compliant with his

medication . . . . While other providers noted a lack of compliance, Dr. Laxton repeatedly noted

the opposite, before and after the date of her medical source statement. The ALJ's opinion thus

appears to have been based on an inaccurate reading of Dr. Laxton's records." <u>Id.</u> at 7.

Consequently, Judge Stewart determined that ALJ Cutter mischaracterized the evidence

proffered by Dr. Laxton and stated that this finding served as an additional basis for remand. <u>Id.</u>

Next, Judge Stewart turned to the Social Security regulations applicable to medical

providers that ALJs must consider. <u>Id.</u> at 7–8. Judge Stewart determined that under the new

regulations, "supportability and consistency are 'the most important factors'" that the ALJ must

consider when evaluating medical opinions. <u>Id.</u> at 8. (citing 20 C.F.R. § 416.920c(a)). After

assessing ALJ Cutter's analysis of Dr. Laxton's opinion, Judge Stewart concluded that ALJ Cutter failed to properly consider the supportability and consistency factors with respect to Dr. Laxton's opinion. R. & R. at 8. First—with respect to the supportability factor—Judge Stewart evaluated ALJ Cutter's analysis of Dr. Laxton's finding that Plaintiff complied with his medication regime. Id. at 8. Specifically, ALJ Cutter deemed Dr. Laxton's opinion that Plaintiff complied with his medical regime as inconsistent with the evidence; Judge Stewart, however, noted that this finding "was erroneous, at least with respect to Dr. Laxton's treatment." Id. at 9. Additionally, Judge Stewart said that "[b]eyond the medication compliance issue, the ALJ identifies no other conclusion that lacks support in the record and so this statement is offered without explanation." Id. Second, Judge Stewart addressed the consistency factor. He concluded that he was "not in a position to address whether the ALJ properly evaluated the consistency of Dr. Laxton's opinion . . . since the ALJ did not properly evaluate the record regarding Dr. Laxton's reports of medication compliance." Id. at 9–10. As a result, Judge Stewart concluded that ALJ Cutter's evaluation of Dr. Laxton's opinion was not supported by substantial evidence and that remand is warranted.

### D.  Defendant's Objections and Plaintiff's Response

Defendant objected to the Report-Recommendation on July 13, 2022, Def.'s Obj., asserting that Judge Stewart erroneously "conflated the assessment of the supportability and consistency factors and overlooked some of the ALJ's discussion of the evidence." Id. at 1. Plaintiff responded on July 27, 2022, arguing that Judge Stewart "correctly found that the ALJ's evaluation of Dr. Laxton's opinion was erroneous." Pl.'s Resp.at 6.

## II.    STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error.[2] Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). "Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." Timothy B. v. Comm'r of Soc. Sec., No. 17-CV-0399, 2018 WL 3853999, at *1 (N.D.N.Y. Aug. 14, 2018) (citing Zhao v. State Univ. of N.Y., No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011)). After reviewing the record, "[a] district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III.   DISCUSSION

Defendant primarily objects to Judge Stewart's recommendation that the Court remand this action on the basis that ALJ Cutter's decision was not supported by substantial evidence regarding her evaluation of Dr. Laxton's opinion. Defs.' Obj. at 7. Specifically, Defendant argues that Judge Stewart made two errors by "conflat[ing] the assessment of the supportability and consistency factors and overlook[ing] some of the ALJ's discussion of the

---

[2] Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019).

evidence." Id. at 1. Thus, Defendant has lodged two specific objections to portions of the Report-Recommendation, which the Court reviews de novo.

**A.  Objection Regarding Judge Stewart's "Overlooking" of Evidence**

First, Defendant suggests that Judge Stewart incorrectly assessed ALJ Cutter's finding that Dr. Laxton manipulated her opinion to benefit Plaintiff. Defendant argues: "[T]his conclusion ignores that the ALJ also stated that Dr. Laxton 'noted that disability paperwork was completed for the claimant, even though the claimant had a rather normal clinical exam finding. . . . This statement provided the 'more' Magistrate Judge Stewart found missing." Def.'s Obj. at 3 (internal citations and quotations omitted). Defendant thus argues that Judge Stewart overlooked other pieces of evidence supporting ALJ Cutter's finding. And this oversight ostensibly supports Defendant's claim that ALJ Cutter did not rely on bare conjecture when discounting Dr. Laxton's opinion. Instead, Defendant argues, ALJ Cutter relied on multiple pieces of evidence supporting her finding that Dr. Laxton manipulated her opinion to placate Plaintiff and avoid conflict, rather than basing her opinion on objective evidence. As a result—Defendant posits—ALJ Cutter properly found that Dr. Laxton's opinion was unpersuasive. For the reasons set forth below, this objection fails.

District courts in this Circuit have routinely found that an ALJ's bare speculation of a physician's impropriety is insufficient to discount a treating physician's opinion. See Rivera v. Berryhill, No. 17-CV-7177, 2019 WL 692162, at *12 (S.D.N.Y. Jan. 28, 2019) ("Mere speculation of impropriety is not an adequate justification for discounting a treating physician's opinion."); Wade v. Colvin, 15-CV-47, 2016 WL 1170917, at *8 (D. Conn. Mar. 24, 2016) ("[T]he reasons stated by the ALJ for not crediting the opinions of Dr. Kuru are speculative, and for that reason are not 'good reasons' for affording minimal weight to those opinions.").

Defendant contends <u>Rivera</u> and <u>Wade</u> are inapposite because unlike those cases, here:

> (1) the ALJ's [sic] provided a reason for finding the medical
> source's opinion reflected a sympathetic view—the treatment notes
> showed Dr. Laxton completed the opinion with Plaintiff even
> though the clinical findings were mostly normal; (2) that reason was
> consistent with the evidence (Tr. 1157-59); and (3) the 'good
> reason' treating source rule was not applicable. Moreover, this was
> not the ALJ's sole reason for finding Dr. Laxton's opinion not
> persuasive.

Def.'s Obj. at 4. Defendant elaborates only on her first reason.[3] She states that ALJ Cutter

observed that, "Dr. Laxton noted that disability paperwork was completed for the claimant, even

though the claimant had rather normal clinical exam findings and only recent implantation." <u>Id.</u>

Defendant then recites the ALJ's further explanation that Dr. Laxton acknowledged

"[p]aperwork for disability was filled out with the patient." <u>Id.</u> at 3 (citing Tr. 1159). After

which, Defendant said that "[t]he ALJ explained that '[b]ased on the treatment notes, Dr. Laxton

appeared sympathetic' to Plaintiff's situation and appeared to be based, in part, on Plaintiff's

subjective reports." <u>Id.</u> Thus, Defendant concludes, "This explicitly discussed treatment note

supported the ALJ's finding that Dr. Laxton did not appear to base her opinion on the objective

evidence, but rather from a desire to satisfy his request and document Plaintiff's reported

limitations." <u>Id.</u>

　　　The Court disagrees. Defendant relies on a passing sentence from Dr. Laxton's notes

which is disconnected and unrelated to ALJ Cutter's argument that Dr. Laxton's opinion was

based on sympathy rather than objective evidence. <u>See</u> Tr. at 19, 21.[4] Thus, Defendant's

---

[3] Defendant does not further elaborate or specify how Dr. Laxton's allegedly sympathetic posture
toward Plaintiff "was consistent with the evidence" and why the "good reason" rule's
applicability matters here, so the Court need not address these additional points. <u>See</u> Def.'s Br. at
3–4.

[4] This sort of ad-hoc justification is impermissible under <u>Sec. & Exch. Comm'n v. Chenery</u>
<u>Corp.</u>, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or

argument amounts to this: because Plaintiff had a normal clinical exam regarding his Vagus Nerve Stimulator, and still received assistance from Dr. Laxton when filling out disability paperwork, Dr. Laxton's opinion was tainted by sympathy. The Court does not agree that this additional "evidence" does anything to provide proof of impropriety. Gleaning improprieties from Dr. Laxton that stem from Plaintiff's normal clinical exam and the assistance with disability paperwork displays "mere speculation of impropriety" which is not "an adequate justification for discounting a treating physician's opinion." Rivera, 2019 WL 692162, at *12. As a result, Judge Stewart did not err when he concluded that ALJ Cutter's assessment of Dr. Laxton's sympathy for Plaintiff was impermissibly speculative.

**B. Objection Regarding Supportability and Consistency Factors**

Defendant relatedly argues that Judge Stewart erred when he "conflated the assessment of the supportability and consistency factors" with respect to the discussion of Plaintiff's lack of medication compliance. Def.'s Obj. at 1. Because Judge Stewart supposedly conflated these two factors in his analysis, Defendant asserts that Judge Stewart improperly found that the ALJ's evaluation of Dr. Laxton's opinion was not supported by substantial evidence. Id. Thus, Defendant argues that the ALJ correctly deemed Dr. Laxton's opinion as non-persuasive. Id.

"The factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2) (internal citations omitted). Under 20 C.F.R. § 404.1520c(c)(1), the supportability factor considers how supported an opinion

---

judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

is by the objective medical evidence and any supporting explanation provided by the opining

medical source. And the consistency factor under 20 C.F.R. § 404.1520c(c)(2) considers how

consistent a medical opinion is with the evidence from other medical sources and nonmedical

sources.

"In all cases the ALJ is required to provide rationale in the written decision sufficient to

allow a reviewing court to conduct an adequate review of his findings." Pamela P. v. Saul, No.

19-CV-575, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). Additionally, "[a]lthough under

the new regulations the ALJ is not required to give specific evidentiary weight to a particular

medical opinion, he is still required to articulate how he considered the medical opinion,

including explaining how he considered the 'supportability' and 'consistency' factors." Jaleesa

H. v. Comm'r of Soc. Sec., No. 20-CV-01180, 2022 WL 174337, at *5 (W.D.N.Y. Jan. 18,

2022). "Courts in this Circuit have remanded when the ALJ failed to address either

supportability or consistency." William B. J. v. Comm'r of Soc. Sec., No. 20-CV-0989, 2022

WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022) (Kahn, J.).

Here, Defendant is incorrect that Judge Stewart conflated the consistency and

supportability factors. Judge Stewart explicitly separated the analysis of the two factors. For

instance, regarding the supportability factor, Judge Stewart observed: "The ALJ noted that she

found Dr. [L]axton's statement that Plaintiff was compliant with his medication regime

inconsistent with the [objective medical] evidence." R. & R. at 10. Specifically, ALJ Cutter

noted that "[Dr. Laxton's] opinion was based, at least in part, on subjective reports, which were

inconsistent with her own notes and her colleague's treatment notes." Tr. at 22. The Court

disagrees with ALJ Cutter's characterization. Contrary to the ALJ's portrayal, Dr. Laxton's

opinion stating that Plaintiff was compliant with his medication, Tr. at 1131, *was* supported by

her treatment notes, see, e.g., Tr. at 1153, 1156, 1267, 1270. Additionally, other evidence of "objective medical evidence," as required under the consistency factor, see 20 C.F.R. § 404.1520c(c)(1), is present in the state agency review report, which also found that Plaintiff was "compliant with taking medication." Tr. at 105. Thus, the Court agrees with Judge Stewart's conclusion: ALJ Cutter's finding that Dr. Laxton's medical opinion was not supported by medical evidence is erroneous. R&R at 9.

With respect to the consistency factor, Judge Stewart found that "the Court is not in a position to address whether the ALJ properly evaluated the consistency of Dr. Laxton's opinion . . . since the ALJ did not properly evaluate the record regarding Dr. Laxton's reports of medication compliance." Id. at 9. Thus, because Judge Stewart found that the ALJ erred in her evaluation of the record, her error frustrated meaningful review of the record since Dr. Laxton's reports were not properly considered.

The Court agrees with this evaluation for the reasons discussed in the supportability analysis. The Court concludes that the failure to consider Dr. Laxton's opinion, based on an incorrect assessment of Dr. Laxton's report (i.e., that her opinion was unpersuasive based on dubious reasoning), is an appropriate basis for remand. "Courts in this Circuit have found reversible error where an ALJ arrives at an RFC assessment in reliance on a mischaracterization or misstatement of the record." Trumpower v. Colvin, No. 13-CV-6661, 2015 WL 162991, at *15 (W.D.N.Y. Jan. 13, 2015); see also King v. Colvin, No. 15-CV-06137, 2016 WL 1398987, at *4 (W.D.N.Y. Apr. 11, 2016) ("Where an ALJ mischaracterizes the evidence . . . a remand is necessary.").

In sum, the Court finds that Judge Stewart correctly analyzed ALJ's Cutter's decision. ALJ Cutter's evaluation of Dr. Laxton's opinion is not supported by substantial evidence. Accordingly, remand is warranted.

**IV.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 21) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 18) be **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 20) be **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        September 28, 2022
              Albany, New York

LAWRENCE E. KAHN
United States District Judge